IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GLENN LAMAR GRAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CV-0574-DGK-SSA |
| MARTIN O'MALLEY,<br>Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER REGARDING SANCTIONS

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff's application for Social Security disability insurance benefits. The Court previously remanded this case for further proceedings and, in a separate order, ECF No. 24, ordered Plaintiff's counsel to show cause why they should not be sanctioned for misstating the law and the record.

Now before the Court is Plaintiff's counsels' response, the Commissioner's response, and Plaintiff's counsels' reply. ECF Nos. 27–29. After giving the matter much thought, the Court finds that Plaintiff's counsel misstated the law but declines to impose sanctions.

### Standard

"By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," "the . . . legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). The attorney also certifies that "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3). The standard by which a potential violation is judged is "whether the

attorney's conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Adams v. USAA Casualty Ins. Co.*, 863 F.3d 1069, 1077 (8th Cir. 2017). If, after providing notice and a reasonable opportunity to respond, the Court determines an attorney has violated Rule 11(b), it may impose an appropriate sanction. Fed. R. Civ. P. 11(c)(1). The Court must be particularly careful when sanctions are imposed on the Court's own initiative. *Adams*, 863 F.3d at 1077. If an attorney violates Rule 11, the Court's sanction must be "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

Rule 11 is not the only potential source of sanctions here. The Court may sanction an attorney when the attorney "so multiplies the proceedings in any case unreasonably and vexatiously," 28 U.S.C. § 1927, or "abuses the judicial process," *Vallejo v. Amgen*, 903 F.3d 733, 749 (8th Cir. 2018) (inherent authority sanction).

## Background

The alleged misstatement of law concerns Plaintiff's assertion that the opinions of state agency consultant Dr. Margaret Sullivan, Ph.D., were not substantial evidence because Dr. Sullivan was not a treating or examining physician. In Plaintiff's initial brief on the merits ("the Initial Brief"), filed with the Court on March 22, 2021, Plaintiff's counsel wrote the following:

> . . . Dr. Sullivan's opinions are not substantial evidence to support the ALJ's decision. Dr. Sullivan did not examine Gray. Dr. Sullivan did not treat Gray. **As a non-examining, non-treating State agency physician, the opinions of Dr. Sullivan are not substantial evidence**. *Jenkins v. Apfel*, 196 F.3d 992, 925 (8th Cir. 1999). 20 C.F.R. 404.1520c(c)(3) specifically states that factors to be considered by the ALJ in assessing the weight given to any opinion include the relationship between the physician and the claimant – specifically, whether there is a treating or examining relationship. Dr. Sullivan has no such relationship with Gray.

Pl.'s Initial Br. at 27, ECF No. 12 (emphasis added). Plaintiff's counsel did not indicate that this argument was an attempt to extend, modify, or reverse existing law, or to establish new law.

The Commissioner's response on the merits, filed on June 30, 2021, noted that Plaintiff's claim must be evaluated under *new* regulations which came into effect on March 27, 2017. Def.'s Br. at 7, ECF No. 18. As the Commissioner observed, unlike the old regulations, the new regulations did not mandate particularized procedures that an ALJ must follow in considering opinions from treating sources. *Id*. The Commissioner's brief also cited *Berutti v. Saul*, No. 4:20-cv-00641-NKL, 2021 WL 1499313 (W.D. Mo. Apr. 16, 2021). Def.'s Br. at 9. In *Berutti* a district court held that "[u]nder the 2017 regulations," the opinion of a state agency medical consultant "constitute[d] substantial evidence" where the ALJ properly found it was persuasive after discussing the factors of supportability and consistency. Def.'s Br. at 9 (citing *Berutti*, 2021 WL 1499313, at *4 (W.D. Mo. Apr. 16, 2021)). Mr. Driskill was the sole attorney of record for the plaintiff in *Berutti*.

Even though the Commissioner's brief arguably gave Plaintiff's counsel actual notice of what the law now was, in their reply brief on the merits ("the Reply Brief") Plaintiffs' counsel did not swerve from their claim that the opinion of a non-examining, non-treating physician could not be substantial evidence. They wrote, "Dr. Sullivan is not a treating physician; he was hired by Defendant. The changes to the regulations do not impact application of SSR 96-8p, nor case law cited in Plaintiff's Initial Brief. Social Security Rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(2)." Pl.'s Reply Br. at 1–2, ECF No. 22.

In its subsequent show cause order, the Court observed,

> While this [description of the law] accurately described the regulations in place in previous decades, the regulations were superseded almost five years ago. Since Plaintiff filed his

application for disability on February 28, 2018, the ALJ was required to apply a 'new' set of regulations for evaluating medical evidence that differs substantially from prior regulations. *Berutti v. Saul*, No. 4:20-cv-0641-NKL, 2021 WL 1499313, at *3 (W.D. Mo. April 16, 2021) (discussing these changes to the regulations and holding the opinion of a non-examining, non-treating State agency physician can constitute substantial evidence). The "new" regulations, published on January 18, 2017, and effective for claims filed on or after March 27, 2017, no longer mandate particularized procedures that the adjudicator must follow in considering opinions from treating sources (e.g., requiring adjudicators to "give good reasons" for the weight given a treating source opinion). *Compare* 20 C.F.R. § 404.1527(c)(2) (2016) with 20 C.F.R. § 404.1520c(b) (2017).

Show Cause Order at 1–2.

The potential misstatement of fact concerns what the Initial Brief asserted about the ALJ's evaluation of the opinion of Plaintiff's treating physician, Dr. Michael Monaco. Plaintiff's counsel accurately reported that the ALJ rejected Dr. Monaco's opinions because he found them unpersuasive. Pl.'s Initial Br. at 29–30. Counsel then wrote, "The ALJ stated Dr. Monaco had not supported his opinions by citing which piece of objective evidence supported each particular finding. (Tr. 19). This is not a correct legal standard for assessing medical opinions." *Id*. at 30. This passage suggests that the ALJ gave only one reason for discounting Dr. Monaco's opinion and did not apply the correct legal standard.

In fact, the ALJ gave several detailed reasons for discounting Dr. Monaco's opinion, and he correctly applied the law. The ALJ opined:

> Michael Monaco, MD, opined on February 16, 2018 that the claimant's impairments met listings 12.04 [Affective Disorder] and 12.06 [Anxiety Related Disorder] (see 6F/1–7). Dr. Monaco also provided a treating source statement on October 4, 2019 (see 24F/1–4.). Dr. Monaco also provided numerous postural and environmental limitations (see 24F/1–4.) Dr. Monaco is an

> acceptable medical source and highly qualified. However, Dr. Monaco's opinions are largely inconsistent with the weight of the current record. For example, Dr. Monaco's opinion that the claimant's impairments met listings 12.4 and 12.06 is inconsistent with the claimant's medical records, treatment history, and activities of daily living. Furthermore, while Dr. Monaco had the benefit of physically examining the claimant, he did not support his opinions with detailed explanations indicating which specific piece of objective evidence supported each particular finding. Finally, Dr. Monaco was not able to consider additional evidence that became available after he offered his opinions. For these reasons, the undersigned finds Dr. Monaco's opinions unpersuasive.

R. at 19.

## Discussion

The Court's show cause order referenced three potential sources of sanctions: Rule 11, 28 U.S.C. § 1927, and the Court's inherent authority. After reviewing the record and the parties' briefs, the Court holds Rule 11 is the most relevant and appropriate mechanism to address Plaintiff's counsels' behavior, and so it analyzes the Initial Brief under Rule 11 only.

### I. Under Rule 11, the Court can sanction only Mr. Driskill.

The Court first discusses who is responsible for any sanctionable misstatements. Plaintiff's counsel report that three attorneys participated in drafting, editing, and reviewing the Initial Brief and the Reply Brief: Roger Driskill, Kyle Sciolaro, and Andrea Stubblefield. Mr. Driskill entered his appearance first and appears to be lead counsel; he alone signed and filed both briefs. Mr. Sciolaro entered his appearance later and did not sign or file either brief. Ms. Stubblefield presented drafts to the other attorneys but did not sign or file either brief, and she has not entered her appearance.

The Court concludes only Mr. Driskill could potentially be sanctioned here under Rule 11. Mr. Sciolaro cannot be sanctioned under Rule 11 because he did not sign, file, or submit the brief,

and it is not clear whether he "advocated" it. For similar reasons, Ms. Stubblefield cannot be sanctioned under Rule 11. Nonetheless, throughout this order the Court will refer to "Plaintiff's counsel" (attorneys in the plural) because multiple attorneys had a hand in drafting it.

## II. Although Plaintiff's counsel submitted a brief which misstated the law, the Court will not impose Rule 11 sanctions here.

### a. Plaintiff's counsel submitted a brief which misstated the law.

In their response to the Court's show cause order, Plaintiff's counsel concede that "it is not accurate to categorically deny that a state agency opinion may under no circumstances constitute substantial evidence." Resp. to Show Cause at 1, ECF No. 27. They also acknowledge that "styling the argument as a categorical rule was imprudent," and "it is wrong to categorically decree that every non-examining and non-treating opinion or prior administrative finding is incapable of serving as substantial evidence to support an ALJ decision." *Id*. at 2, 3. They further aver that they "did not intend to misstate the law." *Id*. at 3. They also note they cited the relevant portion of the "new" regulation, 20 C.F.R. § 404.1520c(c)(3), which explains that one of the factors to be considered in assessing medical opinions is whether there was a treating or examining relationship between the state agency physician and the claimant. They also note that they cited *Jenkins v. Apfel*, an Eighth Circuit decision issued in 1999 which is consistent with other late twentieth century decisions supporting their position, and these authorities are based on caselaw, not regulation. They contend that "[w]hile these decisions pre-date the agency's 2017 regulations, there remains a viable, non-frivolous argument" that the opinion of a non-examining physician does not generally constitute substantial evidence. Even so, they acknowledge "that under these facts this argument was ultimately unavailing."

The Commissioner responds that, "Plaintiff's categorical assertion that the opinion of a non-examining, non-treating physician cannot constitute substantial evidence is not an accurate

reflection of Social Security law, even before adoption of the 2017 regulatory changes." Def.'s Resp. at 2, ECF No. 28. The Commissioner asserts that even prior to the 2017 changes, "the opinions of non-examining physicians, standing alone, generally did not constitute substantial evidence upon the record as a whole, especially when they were contradicted by a treating physician's medical opinion." *Id*. at 1–2. The Commissioner also notes the Eighth Circuit has held there were two exceptions to this general rule: "(1) where other medical assessments are supported by better or more thorough medical evidence, or (2) where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Id*. at 2 (quoting *Wagner v. Astrue*, 499 F.3d 842, 849 (8th Cir. 2007) (citing cases)). Thus, in cases such as this one, where opinions of non-examining physicians along with other evidence in the record form the basis for the ALJ's decision, the ALJ's decision is supported by substantial evidence. *Id*. (citing *Harvey v. Barnhart*, 368 F.3d 1013, 1016 (8th Cir. 2004). The Commissioner concludes, "Plaintiff's statement that the opinions of state agency psychological consultant Margaret Sullivan, Ph.D., were not substantial evidence because she did not examine or treat Plaintiff was not accurate." *Id*.

In their reply, Plaintiff's counsel disagree their description of the law was not accurate even prior to 2017, arguing that the general rule prior to 2017 was that the opinion of a non-examining, non-treating state agency physician did not constitute substantial evidence. Reply at 1. They also reiterate their belief that "common law is arguably an adjunct to the Commissioner's regulations," although they recognize a "trend toward deference to Defendant's regulations and away from common law." They assert "[w]hile an appeal to common law is insufficient without acknowledging Defendant's own standards, this history does suggest Counsel's argument is not frivolous." They conclude,

> Counsel presented these arguments in an effort to fulfill the duty to zealously represent Gray. Counsel appreciates that it was inartfully

> presented and that the Court disagrees with the argument. However, Counsel cited to the updated regulation. Likewise, Counsel respectfully requests that no sanctions be issued due to Counsel's arguable reliance on authority based in common law over Defendant's regulations.

*Id.* at 3.

With respect to the threshold issue here, namely, whether Plaintiff's counsel misstated the relevant, applicable law, the Court finds they did. Plaintiff's counsel admit as much when they acknowledge "it is wrong to categorically decree that every non-examining and non-treating opinion or prior administrative finding is incapable of serving as substantial evidence to support an ALJ decision." Resp. to Show Cause at 3. In the wake of the 2017 regulations, Plaintiff's counsel's assertion that the opinion of a non-examining, non-treating physician cannot constitute substantial evidence was simply untrue.

As for counsel's statements that they "did not intend to misstate the law" and were only trying to "fulfill the duty to zealously represent," the Court considers these at the subsequent steps in the sanctions analysis.

### b. The statement arguably manifests reckless disregard for counsels' duty to the Court, but the Court will not impose sanctions.

The next step is determining "whether the attorney's conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court," and merits sanctions. *Adams*, 863 F.3d at 1077. The Court must be particularly careful here since it is imposing sanctions on its own initiative. *See id*.

In its show cause order, the Court suggested that Plaintiff's counsel knew, or should have known, that they were misstating the law because: (1) the ethical rules require an attorney to stay informed of the applicable law, (2) counsel specialize in Social Security law, and (3) "a few weeks

8
Case 4:20-cv-00574-DGK    Document 38    Filed 12/09/24    Page 8 of 11

before Plaintiff's lead counsel filed the initial brief in this case, the *Berutti* decision was issued, and Plaintiff's lead counsel was the sole attorney in that case." Show Cause Order at 2.

Plaintiff's counsel do not dispute the first two points, but they rightly point out that the Court erred in writing in the show cause order that the *Berutti* decision was issued shortly before they filed the Initial Brief. The Initial Brief was filed on March 22, 2021, but the *Berutti* decision was not issued until April 16, 2021. As they concede however, the Court's error is essentially immaterial because the Commissioner's brief cited *Berutti*, so Plaintiff's counsel were indisputably aware of it when they filed the Reply Brief. Although *Berutti* was not binding authority, it nonetheless reiterated what Plaintiff's counsel already knew (or should have known) at the time; namely, that new regulations had been issued which invalidated their assertion that Dr. Sullivan's opinion could not be substantial evidence.

The Court also notes that Social Security disability law is a relatively complex area of law where district court judges are operating in a different role, acting as appellate judges reviewing opinions from overworked administrative law judges. In these circumstances, an attorney can gain a tactical advantage by misstating the law to the Court. Because of this, it is crucial that attorneys who practice in this area of law scrupulously observe their duty to accurately represent the law to the Court.

While Plaintiff's counsels' actions here might support an inference that they intentionally misrepresented the law, the Court takes counsel at their word that they did not mean to mislead. This weighs against sanctions. Whether Plaintiff's counsel exhibited reckless disregard for their duties to the Court is a much closer call.

While there is some evidence that Plaintiff's counsel exhibited reckless disregard and should be sanctioned, the Court declines to do so. The Court notes that while the Commissioner,

represented by the U.S. Attorney, believes Plaintiff's counsel misstated the law, the Commissioner is agnostic as to whether sanctions are warranted here. *See* Def.'s Resp. at 3 ("The Acting Commissioner recognizes the gravity and seriousness associated with imposing sanctions and defers to the Court's judgment as to whether sanctions are warranted"). The record here is also somewhat equivocal, and the Court must be particularly careful when imposing sanctions on its own initiative. Finally, the Court is optimistic that issuing this order, which essentially admonishes Plaintiff's counsel, will accomplish the purpose of sanctions—deterring such conduct by Plaintiff's counsel and other attorneys—without the Court having to impose sanctions.

### III. Plaintiff's counsel should not be sanctioned for misstating the record.

The potential misstatement of fact concerns what the Initial Brief asserted about the ALJ's evaluation of the opinion of Plaintiff's treating attorney, Dr. Michael Monaco. Plaintiff's counsel accurately reported that the ALJ rejected Dr. Monaco's opinions because he found them unpersuasive, but counsel asserted the ALJ gave only one reason for discounting Dr. Monaco's opinion, when in fact he gave several detailed reasons. The question is, by ignoring these other reasons, did counsel effectively misstate the record?

Plaintiff's counsel respond that they did not mention one of these reasons, the ALJ's assessment of the consistency of Dr. Monaco's opinions, because they were not arguing whether Plaintiff met listings 12.04 and 12.06, a Step Three determination.[1] They argue they were only

---

[1] The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g).

contesting the ALJ's determination with respect to his findings concerning Plaintiff's residual functional capacity ("RFC"), a determination made at Step Four, and so only addressed those findings they believed were legally or factually erroneous. Since they did not believe the other reasons the ALJ gave for discounting Dr. Monaco's opinion were legally erroneous, they ignored them.

While this section of the Initial Brief is not exactly a model of clarity—the above statements are contained in a single page and a half long paragraph which has a stream-of-consciousness feel to it—all the arguments do pertain to Plaintiff's RFC determination at Step Four, not the Step Three determination. Under the circumstances, the Court declines to sanction counsel for a misstatement by omission.

## Conclusion

For the reasons discussed above, the Court declines to sanction Plaintiff's counsel under Rule 11.

**IT IS SO ORDERED.**

Date:  December 9, 2024         /s/ Greg Kays
                                GREG KAYS, JUDGE
                                UNITED STATES DISTRICT COURT