# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GLENN LAMAR GRAY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:20-00574-CV-DGK-SSA |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER GRANTING IN PART APPLICATION FOR ATTORNEYS' FEES

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff's application for Social Security benefits. Plaintiff filed this lawsuit challenging the denial, and the Court granted the Commissioner's motion to remand.

Now before the Court are a revised application for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, ECF No. 30,[1] and a subsequent motion for attorneys' fees brought under 42 U.S.C. § 406(b), ECF No. 33. The former, brought after the Court remanded the case, seeks $7,300.00 in attorneys' fees and costs. The latter, brought following Plaintiff's success on remand, seeks a total of $16,918.75 as a contingency fee. Defendant agrees to the amount requested in the revised application, and it "neither supports nor opposes" the subsequent request for $16,918.75 under § 406(b).

For the following reasons, the Court GRANTS IN PART the application and awards Plaintiff attorneys' fees and costs totaling $4,905.63.

Plaintiff reports spending a total of 32 hours on this case. Exh. A to Application for Attny Fees at 1–2, ECF No. 30-1. Plaintiff's counsel spent 9 hours drafting and revising the

---

[1] The initial application sought $7,641.33 in attorneys' fees and costs. After discussions with Defendant, Plaintiff agreed to reduce the request to $7,300.

initial brief, and 5.7 hours reviewing Defendant's brief and drafting a reply, at a compensable rate of $202.50 per hour. *Id.* at 2. As detailed in the Court's Show Cause order, ECF No. 24, and Order Regarding Sanctions, ECF No. 38, some of the arguments advanced in these briefs misstated the law. Consequently, the Court is cutting the compensable time spent writing and editing these briefs in half, to 7.35 hours. This reduces the total amount of compensable time to 24.65 hours. At $202.50 per hour, this yields a compensable amount of $4,505.63 for the EAJA fee application.

Plaintiff's counsel suggests the Court award an additional amount equal to 2.8 times the hourly rate submitted on the EAJA application. Under § 406(b), the Court "may" allow a reasonable fee for cases taken on a contingent fee basis an amount equal to no more than 25% of the total of past-due benefits. Given the circumstances, the Court declines to award or approve any additional amount under § 406(b) because an amount in excess of $4,505.63 would not be reasonable for the work performed on this case.

The Court awards Plaintiff attorneys' fees of $4,505.63 to be paid by the Social Security Administration and court costs of $400 to be paid by the Judgment Fund administered by the Treasury Department. After the Commissioner verifies that Plaintiff does not owe a debt to the United States that is subject to offset, the Commissioner will pay the total amount to Plaintiff's attorney, Roger Driskill, and the payment will be mailed to his office pursuant to Plaintiff's fee agreement.

Date: January 8, 2025         /s/ Greg Kays
                              GREG KAYS, JUDGE
                              UNITED STATES DISTRICT COURT

2
Case 4:20-cv-00574-DGK    Document 39    Filed 01/08/25    Page 2 of 2